**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RAFAEL AVILA, individually and on behalf of all other persons similarly situated who were employed by NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC and/or any other entities affiliated with, controlling, or controlled by NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC, DELLA PELLO PAVING, INC., ADNARY AMARAL NAVA, individually, and DEVANIL ANIL NAVA, JR, individually,**<br><br>Plaintiffs,<br><br>vs.<br><br>**NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC and/or any other entities affiliated with, controlling, or controlled by NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC, DELLA PELLO PAVING, INC., ADNARY AMARAL NAVA, individually, and DEVANIL ANIL NAVA, JR, individually,**<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Case No.:**<br><br><br>**Jury Trial Demanded** |

Plaintiff, RAFAEL AVILA ("Avila" or "Named Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters alleged, brings this Action, individually and on behalf of all other persons similarly situated who were employed by Defendants, against Defendants NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC and/or any other entities affiliated with,

1

controlling, or controlled by NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC ("Nava"), and all other affiliated entities and/or joint employers, (collectively "corporate Defendants"), DELLA PELLO PAVING, INC. ("Della" or "Prime Contractor Defendant"), and/or any other entities affiliated with, controlling, or controlled by DELLA BELLO PAVING, INC., ADNARY AMARAL NAVA, individually ("Nava"), and DEVANIL ANIL NAVA, JR, individually ("Nava Jr."), (collectively the Corporate Defendants, and the Individual Defendants are referred to as the "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who worked as concrete laborers for Defendants and/or any other entities affiliated with, controlling, or controlled by the Defendants, to recover statutory wage and overtime payments, payment for unpaid supplemental benefits that Named Plaintiff and the members of the putative class were statutorily and contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities"). The Government Entities *include but are not limited to* Union County. The Public Works Projects were undertaken and performed by the Corporate Defendants and the Prime Contractor Defendant in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between February 21, 2017, and the present.

2. Named Plaintiff brings this lawsuit, individually, and on behalf of similarly situated employees, seeking recovery against Defendants and the Prime Contractor Defendant for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29

U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq. ("NJWPL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

3. Plaintiff brings this lawsuit against Defendants and the Prime Contractor Defendant on behalf of non-exempt concrete laborers who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and the class action provisions of Rule 23, Fed.R.Civ.P, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), the New Jersey State Wage Payment Law. N.J.S.A. 34:11-4.1, et seq. ("NJWPL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA") pursuant to the class action provisions of New Jersey Court R. 4-32.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL, NJWPL, and NJPWA claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt concrete and other construction labor duties for the Defendants in New Jersey.

8. The Corporate Defendants are headquartered in Dayton, New Jersey and are therefore, within the jurisdiction and venue of this Court.

9. The Prime Contractor Defendant is headquartered in Union, New Jersey, and is

3

therefore, within the jurisdiction and venue of this Court.

10. At all times pertinent to this Complaint, both the corporate Defendants as well as the Prime Contractor Defendant are enterprises, which are engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

11. The corporate Defendants and the Prime Contractor Defendant routinely purchased materials and products from out of state, these products which are delivered through the channels of interstate commerce.

12. In addition to Defendants and the Prime Contractor Defendant being engaged in interstate commerce, Plaintiff worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' and Prime Contract Defendant's consumers. Thus, the Corporate Defendants, the Prime Contractor Defendant, and Plaintiff fall within the protections of the Act.

**PARTIES**

13. Named Plaintiff Rafael Avila is an adult individual who is a resident of South River, New Jersey.

14. Named Plaintiff was employed full time as a concrete laborer performing asphalt and concrete work for Defendants from in or about March 2021, through August 2022.

15. Upon information and belief, Defendants maintain a construction business, headquartered at 1216 Stockton Drive, N. Brunswick, New Jersey, which operates throughout the State of New Jersey.

16. Upon information and belief, at all times relevant to this Complaint, the Corporate Defendants employ individuals to perform labor services on behalf of the Defendants.

17. Upon information and belief, at all times relevant to this Complaint, the corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, Defendants were and are an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

19. Upon information and belief, Individual Defendant Nava is a New Jersey resident, residing in South River, New Jersey.

20. Individual Defendant Nava has been an owner, partner, officer, and/or manager of the corporate Defendants.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Adnary Amaral Nave has had power over personnel decisions at the corporate Defendants' business.

22. Defendant Nava managed the corporate Defendants' day-to-day operations, controlled their employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, Individual Defendant Nava Jr. is a New Jersey resident, residing in South River, New Jersey.

24. Individual Defendant Nava Jr. has been an owner, partner, officer, and/or manager of the corporate Defendants.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Nava Jr. has had power over personnel decisions at the corporate Defendants' business.

26. Defendant Nava Jr. managed the corporate Defendants' day-to-day operations, controlled their employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

27. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

28. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

29. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to pay Plaintiffs for all hours worked, and for their failure to provide all of the Plaintiffs overtime wages at the rate of one-and-one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207, as well, Defendants failed to pay Plaintiffs at the prevailing wage rate.

30. The FLSA action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

31. Plaintiff's claims under the NJWHL, the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq. ("NJWPL"), and the NJPWA are properly maintainable as a class action pursuant to NJ Rules of Ct., Rule 4:3-2, and Rule 23 of the Federal Rules of Civil Procedure, as well as pursuant to N.J.S.A. §34:11-56.25a, the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq. ("NJWPL"), and N.J.S.A §34:11-56.40.

32. The putative class is so numerous that joinder of all members is impracticable. During the relevant time period, the size of the putative class is believed to be in excess of fifty (50) employees. In addition, the names of all potential members of the putative class are not known.

33. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees for all hours worked, failure to pay for earned overtime wages at the statutory rate of pay, and failure to pay prevailing wages at the proper rate. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

34. Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all concrete and associated construction laborers who work or worked at the Defendants' jobsites.

35. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lacks the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

37. A class action under Rule 23 and a collective action under § 216(b) also prevents

unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

38. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Named Plaintiff, and those similarly situated employees, for all hours that they worked, for their overtime hours worked in a work week at the statutory rate of pay, and/or for all prevailing wage hours worked in a work week at the prevailing wage rate plus supplemental benefit rate of pay.

39. Named Plaintiff Avila was an hourly employee and his hourly rate of pay was approximately $43.50 per hour for both private and public jobs.

40. Named Plaintiff Avila routinely worked five (5) days per week.

41. Named Plaintiff Avila routinely worked between forty-five (45) and forty-eight (48) hours per workweek.

42. Named Plaintiff Avila was not paid at an overtime rate of pay for his hours worked in excess of forty (40) in a workweek and was not paid at the prevailing wage rate of pay when he was working on prevailing wage jobs.

43. Further, Plaintiff Avila was not paid for all hours worked.

44. Upon information and belief, during the time period at issue, employees similarly situated to Named Plaintiff were also not compensated for all of their hours worked in a work week, were not paid at an overtime rate when they worked in excess of forty (40) hours in a work week, and were not paid at the proper wage when working on prevailing wage jobs.

45. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, the NJWHL, NJWPL, and the NJPWA, as described in this Complaint.

46. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

47. This cause of action is brought to recover from Defendants for unpaid hours, overtime compensation, prevailing wage compensation, liquidated damages, treble damages, and costs and reasonable attorneys' fees as provided for by the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq. ("NJWPL"), and the NJPWA, on behalf of Named Plaintiff and all other current and former employees similarly situated during the material time.

48. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJPWA, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked in work week, were not paid at an overtime rate when working over forty (40) hours in a work week, and were not paid at the prevailing wage rate when working on prevailing wage jobs.

49. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiff.

50. The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See N.J. Stat. §§ 34:11-56.27; 34:11-56.28. 49.

51. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28,

the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Plaintiff.

52. The additional persons who may become Plaintiffs in this action are Defendants' laborers who have worked on Defendants' jobsites, on or after February 21, 2017, and were not properly compensated for all hours worked.

53. Named Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), as well as relevant provisions of the NJWHL, NJWPL, and NJPWA, Named Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

54. Upon information and belief, beginning in or about February 2017, Defendants entered into a number of Public Works Contracts to perform, inter alia, concrete work, including repair of sidewalks, curbs, and highways, and other related cement work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

55. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

56. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

57. Upon information and belief, beginning in or about February 2017, Defendants

entered into a number of contracts to perform work on the Private Projects where they were required to pay Plaintiff and all similarly situated employees of Defendants for all hours worked, as well as time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven-day workweek.

58. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, NJWPL, and NJPWA as described in this Complaint.

59. At all times material hereto, Named Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

60. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

61. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 60 above.

62. Plaintiffs are entitled to be paid additional compensation for each of their overtime hours worked per work period.

63. Defendants knowingly and willfully failed to pay Plaintiffs at one and one-half times their regular rate of pay for all of his overtime worked in a work week.

64. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

65. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to

liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

66. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 65 above.

67. Defendants' aforementioned conduct is in violation of New Jersey Statutes § 34:11-56a4 et seq., in that the Defendants willfully failed to pay Plaintiffs the statutorily required overtime compensation for the time he worked in excess of forty (40) hours a week for the Defendants on both the New Jersey Public Works Projects and on the Private Projects.

68. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

69. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 68 above.

70. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiffs for all hours worked on both the New Jersey Public Works Projects and on the Private Projects.

71. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

**COUNT IV**
**RECOVERY OF PREVAILING WAGE COMPENSATION**
**PURSUANT TO THE NJPWA**

72. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 71 above.

73. New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

74. Defendants willfully paid Plaintiffs less than the prevailing rates of wages and supplemental benefits to which Plaintiffs were entitled for the labor which Plaintiffs furnished to Defendants on the sites of the Public Works.

**COUNT V**
**RECOVERY OF MONIES RECEIVED BY DEFENDANT**
**PURSUANT TO N.J.S.A. 2A:44-148**

75. The Plaintiff repeats and reallege the allegations set forth in paragraphs 1 through 74 above.

76. New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

77. This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county,

municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [government contracts] shall have been fully paid."

78. Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

79. As previously alleged, the Defendants have failed to pay Plaintiffs the prevailing rate of wages for work already performed on the Public Works Projects.

## COUNT VI
## BREACH OF CONTRACT

80. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 79 above.

81. On information and belief, Defendants were required, as per the Public Works Contracts or other arrangements in furtherance of the Public Works Contracts, to pay all workers furnishing labor on the sites of the Public Works Projects the prevailing rate of wages and supplemental benefits.

82. Said Public Works Contracts contained a provision detailing the prevailing rates of wages and supplemental benefits ("Prevailing Wage Provision") promulgated by the New Jersey Commissioner of Labor to be paid to the Plaintiff and members of the putative class for work that they performed on the sites of the Public Works Projects.

83. The Prevailing Wage Provision was made a part of the Public Works Contracts for the benefit of Plaintiff and members of the putative class for work that they performed on the Public Works Projects.

84. Defendants breached the Public Works Contracts by failing to pay Plaintiff and

14

members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

85. Further, not only are the Defendants liable for their own violations, pursuant to Public Wage contracts, the Prime Contractor Defendant is responsible for all of Defendants, violations of the Prevailing Wage Act.

## COUNT VII
## RECOVERY AGAINST DEFENDANTS
## AND THE PRIME CONTRACTOR
## DEFENDANT PURSUANT TO DEFENDANTS'
## BREACH OF FIDUICARY DUTY

86. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 85 above.

87. New Jersey law imposes a trust on all monies paid to contractors for the benefit of workers and materialmen who provide labor and materials on construction projects.

88. Consequently, the Defendants and the Prime Contractor Defendant, individually and jointly, have a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiff.

89. On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiffs.

90. Further, the Prime Contractor Defendant has a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiffs.

91. On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiffs.

92. The Prime Contractor Defendant is liability for the actions of their subcontractors.

93. By reason of these willful violations, the Defendants and the Prime Contractor Defendant are individually and jointly liable to Plaintiffs for an amount to be determined at trial, plus costs, fees and interest.

## COUNT VIII
## RECOVERY OF DAMAGES AGAINST PRIME CONTRACTOR DEFENDANT PURSUANT TO N.J.S.A. 34:11-67.1

94. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 93 above.

95. Prime Contractor Defendant entered into a contract with a municipality.

96. Prince Contractor Defendant hired Defendants as subcontractors on a public job requiring the payment of prevailing wages to Plaintiffs.

97. Defendants violated the NJPWA and improperly paid Plaintiff and all other similarly situated employees of Defendants.

98. Prime Contractor shall assume, and be responsible for, any debt owed to a worker, incurred by a subcontractor.

99. By reason of the Defendants violations, Prime Contractor Defendant is liable to Plaintiff and all other employees of Defendants that are similarly situated for an amount to be determined at trial.

## JURY TRIAL

100. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff RAFAEL AVILA demands judgment, against Defendants NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC

and/or any other entities affiliated with, controlling, or controlled by NAVA CONSTRUCTION, LLC, aka N NAVA CONSTRUCTION, aka NAVA PROPERTIES, LLC, and all other affiliated entities and/or joint employers, (collectively "corporate Defendants"), DELLA PELLO PAVING, INC., ADNARY AMARAL NAVA, individually, and DEVANIL ANIL NAVA, JR, individually, for payment of compensation for all wages due him for the time worked by them for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: February 21, 2023                                Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

 s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: Aglenn@JaffeGlenn.com
Jodi J. Jaffe, Esquire
E-mail: Jjaffe@JaffeGlenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*